# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHELE D. PETRUCK, | : |
|    Plaintiff, | : |
| | : |
| v. | : Civil No. 3:18CV715 (AWT) |
| | : |
| NANCY A. BERRYHILL, | : |
| ACTING COMMISSIONER OF SOCIAL | : |
| SECURITY, | : |
|    Defendant. | : |

## ORDER REMANDING CASE

For the reasons set forth below, the decision of the Commissioner is reversed and this case is remanded for additional proceedings consistent with this order.

"A district court reviewing a final [] decision . . . [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). The court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. See Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion and whether the decision is supported by substantial evidence. See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

The plaintiff and the defendant agree that the Administrative Law Judge ("ALJ") failed to apply the correct legal principles. See Pl.'s Brief (ECF No. 23) (improper evaluation of treating sources, improper credibility assessment, improper determination of residual functional capacity, improper actions on behalf of an impartial adjudicator); Def.'s Brief (ECF No. 22) at 2 (incomplete record).

The plaintiff contends that the ALJ's decision should be either (1) reversed and benefits awarded, or (2) reversed and remanded solely for the award and calculation of benefits because "substantial evidence does not exist", "the record is complete", and "the evidence of record is overwhelming that the Plaintiff is disabled and that no alcoholism or drug addiction materially contributed to that disability." Pl.'s Brief at 2-3.

The defendant contends that "the record . . . is incomplete" and the case should be remanded so the ALJ can "assess whether plaintiff's mental impairments independently caused disabling functional limitations and cite evidence in the record from her alleged onset date of May 27, 2009 through her date of abstinence, June 2015." Def.'s Brief at 2, 4.

The court concludes that, at minimum, the ALJ failed to properly apply the treating physician rule to the opinions of Colleen Piccone, LCSW, co-signed by psychiatrist Dr. Rachwal. This, standing alone, warrants remand.

Medical opinions from acceptable medical sources[1] are entitled to "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record". Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)) (internal quotation marks omitted).

"[I]f controlling weight is not given to the opinions of the treating physician, the ALJ . . . must specifically explain the weight that is actually given to the opinion." Schrack v. Astrue, 608 F. Supp. 2d 297, 301 (D. Conn. 2009) (citing Schupp v. Barnhart, No. Civ. 3:02CV103 (WWE), 2004 WL 1660579, at *9 (D. Conn. Mar. 12, 2004)). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir. 1999) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998)). These reasons must be stated explicitly and set forth comprehensively. See Burgin v. Asture, 348 F. App'x 646, 649 (2d Cir 2009) ("The ALJ's consideration must be explicit in the record."); Tavarez v. Barnhart, 124 F. App'x 48, 49 (2d Cir.

---

[1] Psychiatrist Dr. Rachwal is a "licensed physician" and therefore an "acceptable medical source". 20 C.F.R. §§ 404.1502(a)(1), 416.902(a)(1). An opinion that is cosigned by a supervising acceptable medical source is entitled to controlling weight when there is no evidence that the cosigner had a different opinion than the other source, as is the case here. See Griffin v. Colvin, No. 3:15CV105 (JGM), 2016 WL 912164, at *14 (D. Conn. Mar. 7, 2016) (recognizing same).

3

2005) ("We do not hesitate to remand when the Commissioner . . . do[es] not comprehensively set forth reasons for the weight assigned . . . .") (internal quotation marks and citation omitted); Reyes v. Barnhart, 226 F. Supp. 2d 523, 529 (E.D.N.Y. 2002) ("rigorous and detailed" analysis required).

In determining the amount of weight to give to a medical opinion, the ALJ must consider all of the factors set forth in §§ 404.1527(c) and 416.927(c): the examining relationship, the treatment relationship (the length, the frequency of examination, the nature and extent), evidence in support of the medical opinion, consistency with the record, specialty in the medical field, and any other relevant factors. See Schaal, 134 F.3d at 504 ("all of the factors cited in the regulations" must be considered to avoid legal error).

> [W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history "even when the claimant is represented by counsel or . . . by a paralegal." Perez, 77 F.3d at 47; see also Pratts, 94 F.3d at 37 ("It is the rule in our circuit that 'the ALJ, unlike a judge in a trial, must [] affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.'[. . . ].") (citations omitted).

Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). See also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118-19 (2d Cir. 1998) (holding that the ALJ should have sought clarifying information sua sponte because the doctor might have been able to provide a supporting medical explanation and clinical

findings, that failure to include support did not mean that support did not exist, and that the doctor might have included it had he known that the ALJ would consider it dispositive).

This duty to develop the record "is heightened in cases where the claimant is mentally impaired", as is the case here. Shand v. Colvin, No. 3:15 CV 761 (JGM), 2018 WL 389179, at *14 (citing Robinson v. Colvin, No. 14 CV 1227 (HBF), 2016 WL 7668439, at *6 (D. Conn. Dec. 20, 2016) (citing Dervin v. Astrue, 407 Fed.Appx. 154, 156 (9th Cir. 2010), Magistrate Judge's Recommended Ruling approved and adopted absent objection, No. 3:14 CV 1227 (MPS), 2017 WL 80403 (D. Conn. Jan. 9, 2017))).

> Gaps in the administrative record warrant remand . . . . Sobolewski v. Apfel, 985 F. Supp. 300, 314 (E.D.N.Y.1997); see Echevarria v. Secretary of Health & Hum. Servs., 685 F.2d 751, 755-56 (2d Cir. 1982). . . .
>
> **The ALJ must request additional information from a treating physician . . . when a medical report contains** a conflict or **ambiguity that must be resolved, the report is missing necessary information**, or the report does not seem to be based on medically acceptable clinical and diagnostic techniques. Id. § 404.1512(e)(1). When "an ALJ perceives inconsistencies in a treating physician's report, the ALJ bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly," Hartnett, 21 F. Supp. 2d at 221, **by making every reasonable effort to re-contact the treating source for clarification of the reasoning of the opinion.** Taylor v. Astrue, No. 07-CV-3469, 2008 WL 2437770, at *3 (E.D.N.Y. June 17, 2008).

Toribio v. Astrue, No. 06CV6532(NGG), 2009 WL 2366766, at *8-*10 (E.D.N.Y. July 31, 2009) (emphasis added) (holding that the ALJ

5

who rejected the treating physician's opinion because it was broad, "contrary to objective medical evidence and treatment notes as a whole", and inconsistent with the state agency examiner's findings had an affirmative duty to re-contact the treating physician to obtain clarification of his opinion that plaintiff was "totally incapacitated").

In determining whether there has been "inadequate development of the record, the issue is whether the missing evidence is significant." Santiago v. Astrue, 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing Pratts v. Chater, 94 F.3d 34, 37-38 (2d Cir. 1996)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

The August 13, 2012 treating source opinion of Colleen Piccone, LCSW, cosigned by psychiatrist Dr. Rachwal (Ex. 33F), stated that the plaintiff "is impaired regardless of substance abuse" (R. at 1522 (Ex. 33F at 1 of 4))) and "cannot work" (R. at 1524). With respect to this opinion, the ALJ wrote: "These opinions are given great weight" and are "well supported". R. at 36.

In contrast, after finding that refraining from substance abuse would allow for the functional capacity to perform a full range of work at all exertional levels with some nonexertional

limitations and discussing the plaintiff's condition after May 2015, the ALJ wrote: "The opinions of Ms. Piccone and Dr. Rachwal have been considered" and were given "little weight". R. at 41. As to the August 13, 2012 opinion, the ALJ wrote:

> While they state that she had not used drugs since January 2012, **there is no explicit finding of function absent substance use**. Even if there were such a finding, **it is not consistent with her function in the notes from 2015 and 2016**, when she was also abstinent. Additionally, as indicated above, **she had issues with medication noncompliance in 2012**, even though she was abstinent from substances. This tends to lend support to the 2015 and 2016 notes as more indicative of her function absent substance use.

R. at 41 (emphasis added). The treating source opinion, however, explicitly states that the plaintiff "is impaired regardless of substance abuse." R. at 1522 (Ex. 33F at 1 of 4). The ALJ noted that this opinion was well supported. It is therefore entitled to controlling weight unless it is inconsistent with other substantial evidence. Here, the ALJ wrote that the opinion is inconsistent with function in 2015 and 2016 but the decision does not state the reasons why the ALJ reached this conclusion explicitly, comprehensively, and with supporting citations to the record. Also, the ALJ's decision is silent with respect to the period prior to 2015. In addition to this gap, the ALJ's decision recognizes the existence of other material gaps: no explicit finding of function absent substance use and no accounting for medication noncompliance in 2012.

7

Also, when assigning "little weight", the ALJ failed to explicitly and comprehensively consider all the required factors when setting forth the rationale and evidence supporting the weight determination.

These errors are significant because if asked, Ms. Piccone or Dr. Rachwal might have been able to provide supporting medical explanation, clinical findings, and functional limitations that precluded work "regardless of substance abuse" prior to June 2015 and might have been able to explain the impact of medical noncompliance and the significance of any inconsistencies in the notes from 2015 to 2016. This information might have changed the residual functional capacity and perhaps the disability determination, at least from the date of onset to the date of abstinence.

The court concludes that because there are material gaps in the record, the appropriate remedy is to remand for additional proceedings, rather than to reverse and award benefits. See Butts v. Barnhart, 388 F.3d 377, 385-87 (2d Cir. 2004), as amended on reh'g in part, 416 F.3d 101 (2d Cir. 2005) (citing Rosa, 168 F.3d at 82-83 ("'[W]here the administrative record contains gaps, remand to the Commissioner for further development of the evidence is appropriate.' [I]n cases where 'the ALJ failed to develop the record sufficiently to make' appropriate disability determinations, a remand for 'further

8

findings [that] would so plainly help to assure the proper disposition of [the] claim ... is particularly appropriate.'")

On remand the ALJ should evaluate the opinion at issue under the treating physician rule,[2] either giving the opinion controlling weight or analyzing the required factors; fully develop the record by making every reasonable effort to re-contact the treating source (1) for clarification as to the reasons for the opinions, (2) for explicit findings of function absent substance use for the relevant period, and (3) for the ramifications of medical noncompliance; then explicitly and comprehensively explain the weight and the reasons for the weight assignment in such a way that would permit meaningful review. The ALJ also should address the parties' other arguments to help to assure a proper disposition of this claim.

For the reasons set forth above, plaintiff's motion for reversal and award of benefits or remand for award and calculation of benefits (ECF No. 23) is hereby GRANTED as to reversal and DENIED as to award and calculation of benefits, and the defendant's motion for remand for further proceedings (ECF

---

[2] The opinions of Dr. Nazarian should also be re-examined under the treating physician rule. The ALJ has an affirmative duty to develop the record prior to assigning less than controlling weight to treating source opinions. When assigning significant rather than great weight to Dr. Nazarian's opinions, the ALJ wrote, Dr. Nazarian "does not give much in terms of citation to clinical findings or other rationale." R. at 36. If asked, the doctor may have been able to provide the pertinent information.

9

No. 22) is hereby GRANTED.  This case is hereby REMANDED to the Commissioner for proceedings consistent with this order.

The Clerk's Office is instructed that, if any party appeals to this court the decision made after this remand, any subsequent social security appeal is to be assigned to the undersigned.

The Clerk shall close this case.

It is so ordered.

Dated this 20th day of May 2019, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge